**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| V.    ) | CASE NO: 2:07mj55-SRW |
| ) | |
| JULIAN P. ROBINSON   ) | |

**DEFENDANT'S MOTION FOR DETENTION HEARING AND MEMORANDUM IN SUPPORT**

**NOW COMES** the Defendant, Julian P. Robinson, by and through undersigned counsel, Kevin L. Butler, and moves pursuant to 18 U.S.C. §§ 3142(a) and (f) for a detention hearing. In support of this request, the defendant submits the following memorandum.

**Relevant Facts and Procedural History**

On April 19, 2007, an indictment was filed in the United States District Court for the Southern District of Illinois charging Mr. Robinson with conspiracy to distribute narcotics (Illinois charge). On June 5, 2007, Mr. Robinson was arrested in Alabama. Later on June 5, 2007, he made his initial appearance on the Illinois charge in the United States District Court for the Middle District of Alabama. At his initial appearance, Mr. Robinson requested a detention hearing be conducted in the Middle District of Alabama. The Court asked the parties to submit pleadings addressing whether Mr. Robinson is entitled to a detention hearing in this district given that the charges against him arise out of alleged criminal conduct in another federal district.

**Summary of Argument**

Whether or not in the district where the alleged offense occurred, after an initial

appearance before a judicial officer by a person charged with an federal criminal offense, the judicial officer shall issue an order determining whether the person shall be released or detained.  18 U.S.C. §§ 3142(a) and (f); 18 U.S.C. § 3041;  *United States v. Payden*, 759 F.2d. 202 (2nd Cir. 1985); *United States v. Medina*, 775 F.2d 1398 (11th Cir. 1985); *United States v. Havens*, 2007 WL 1341431, 3 (W.D.N.Y).  Mr. Robinson is therefore entitled to a detention hearing.

## Discussion

Federal Rule of Criminal Procedure 5 governs how initial appearances (IA) are to be conducted in Federal Court.[1]  If an individual is arrested in a district other than where the offense was allegedly committed: (i) Fed. R. Crim. P. 5(c)(2) [Rule 5(c)(2)] provides guidance as to where the IA is to be conducted; (ii) Fed. R. Crim. P. 5(c)(3) [Rule5(c)(3)] provides "general" guidance as to what court procedures must take place at the IA in the non-charging district; and (iii) Fed R. Crim. P. 5(d) [Rule 5(d)] provides more specific guidance as to what court proceeding must take place at an IA on a felony charge when an individual is arrested in a non-charging district.

However, Rule 5(c)(3) and Rule 5(d) give ambagious and conflicting instructions as

---

[1] Prior to the 2002 amendments to Fed. R. Crim. P. 5, Fed R. Crim. P. 40 set forth the procedural rules to be followed at an initial appearance when an individual is arrested in a district other than where the offense was allegedly committed.  My review of the issue(s) presented in this case reveal that Rule 40 provided no clear direction as to whether a detention hearing was required when an individual is <u>first</u> arrested in a district other than where the offense was committed.  Rule 40 only addressed instances where the person was previously detained or conditionally released.

to whether an individual arrested outside of the charging district is entitled to a detention hearing. Rule 5(c)(3)(D) provides, "the magistrate judge **must transfer** the defendant to the district where the offense was allegedly committed ...." (emphasis added). As this section doe not reference a requirement or authorization for a detention hearing, it strongly implies that transfer back to the charging district must occur while the defendant is in custody. In contrast, Rule 5(d)(3) provides, "The judge **must detain or release** the defendant as provided by statute or these rules." (emphasis added). Though no specific "statute" or "rule" is referenced, this section clearly implies that a detention hearing is warranted.

Undersigned counsel has not been able to locate any Eleventh Circuit case directly addressing the apparent contradictory language in Fed. R. Crim. P. 5. However, the Bail Reform Act and the Second Circuit's ruling in *United States v. Payden*, 759 F.2d. 202 (2nd Cir. 1985) provided particularly useful guidance. (*Payden* is referenced in the *United States v. Medina*, 775 F.2d 1398, 1400 (11th Cir. 1985)).

Pursuant to 18 U.S.C. § 3142(f), a person's detention hearing, "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the government seeks a continuance." In *United States v. Payden*, 759 F.2d. 202 (2nd Cir. 1985), the defendant was not provided a detention hearing at his initial appearance and several weeks passed before the court addressed whether he was entitled to release. Id. at 203. The Second Circuit held, that though there are some circumstances under the Bail Reform Act (i.e. 18 U.S.C. § 3141 et seq.) authorizing the continuance of a detention

3

hearing past an individuals initial appearance, **pursuant to the Bail Reform Act an individual is required to have his detention hearing at his initial appearance**. Id. at 204.

Therefore, Rule 5, read together with the Bail Reform Act and case precedent requires a detention hearing be held at the initial appearance, whether the IA is (or is not) in the charging district. As further support, the defendant asks this court to consider the recent ruling in *United States v. Haven*, 2007 WL 1341431 (W.D.N.Y.). In this case, pursuant to 18 U.S.C. § 3142(f), a United States Magistrate Judge in the Western District of New York, conducted a detention hearing for a defendant whose charges were pending in the Eastern District of Texas. In an opinion addressing his authority to conduct such a proceeding and adressing apparently conflicting legal precedent in the Second Circuit, the New York Court citing *United States v. Montavalo-Murillo*, 495 U.S. 711 (1990), held that because a determination of pretrial release or detention involves a "vital liberty interest" a prompt hearing is necessary. Id. at 3. Additionally, as transportation to the charging district may delay for weeks the resolution of this vital interest (i.e. liberty), a detention hearing should be held in the district of arrest, subject to immediate appeal in the charging district.

**WHEREFORE**, the Defendant respectfully prays that this Motion to be granted and detention hearing scheduled at this court's earliest convenience.

Dated this 8th day of June, 2007.

Respectfully submitted,

s/ Kevin L. Butler  
KEVIN L. BUTLER  
First Assistant Federal Defender

201 Monroe Street, Suite 407  
Montgomery, Alabama 36104  
Phone: (334) 834-2099  
Fax: (334) 834-0353  
E-mail: kevin_butler@fd.org  
AZ Bar Code: 014138

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:07mj55-SRW |
| | ) | |
| JULIAN P. ROBINSON | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 8, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                                  Respectfully submitted,

                                                  s/ Kevin L. Butler
                                                  KEVIN L. BUTLER
                                                  First Assistant Federal Defender
                                                  201 Monroe Street, Suite 407
                                                  Montgomery, Alabama 36104
                                                  Phone: (334) 834-2099
                                                  Fax: (334) 834-0353
                                                  E-mail: kevin_butler@fd.org
                                                  AZ Bar Code: 014138